U.S. DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,

    Plaintiff,

v.                                           Civil Action No.: 1:16-cv-00141
                                                   Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.,
A Texas Corporation,

    Defendant.

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ASSERTING THE DEFENSE OF ASSUMPTION OF RISK TO PLAINTIFFS' DELIBERATE INTENT ACTION**

**NOW COMES** the plaintiff, Clinton Walton, by counsel and hereby moves this Court to enter an Order *in limine* prohibiting the defendant from introducing any evidence or implying in any way, either by evidence, argument or otherwise, the defense of "assumption of risk" or that plaintiff somehow assumed the risk and therefore, defendant is not liable or at fault.

In its pretrial memorandum, defendant specifically sets forth that it intends to offer assumption of risk, comparative fault and other negligence based defenses in this action.[1] Defendant's position that 'assumption of risk' is a valid defense to a statutory West Virginia deliberate intent claim, brought pursuant to West Virginia Code § 23-4-2(d)(2), is beyond the pale and directly contrary to controlling West Virginia case law. This issue has already been clearly addressed by the West Virginia Supreme Court, in Syllabus Points 7 and 8 to Roberts v. Consolidation Coal Co., 208 W. Va. 218, 539 S.E.2d 478 (2000):

---

[1] Plaintiff has already filed a *Motion in Limine to Preclude Defendant From Asserting Comparative Negligence or Other Negligence Defenses to Plaintiffs' Deliberate Intent Action*. This Motion specifically addresses the improper defense of 'assumption of risk' as it relates to a statutory deliberate intent action.

      7. "The Workmen's Compensation Act, Code, Chapter 23, as amended, insures employees, within the provisions of the Act, against the negligence of their employers and against the operation of the doctrines of contributory negligence and **assumption of the risk** and the fellow servant rule." Syllabus point 7, Thompson v. State Compensation Commissioner, 133 W.Va. 95, 54 s.E.2d 13 (1949).

      8. When an employee asserts a deliberate intention cause of action against his/her employer, pursuant to W. Va. Code §§ 23-4-2(b) – (c) (1991) (Cum. Supp.1991), the employer **may not** assert the employee's contributory negligence as a defense to such action.

Furthermore, the United States District Court for the Southern District Court of West Virginia agreed, and held in Norris v. A.C.F. Industries, 609 F.Supp. 549 (S.D. W. Va. 1985), that the defenses of contributory negligence and assumption of risk are not applicable defenses in a statutory West Virginia deliberate intent action. As the Norris court reasoned, such defenses are not applicable in a case of an intentional tort, including deliberate intent claims pursuant to W. Va. Code § 23-4-2.

In its Answer and Pretrial Memorandum, the defendant pled certain "negligence based" defenses, including 'assumption of risk', even though the case at bar is predicated upon the "intentional" exposure of the plaintiff by his employer to a specific unsafe working condition(s). As such, these defenses pled and asserted by the defendant, Baker Hughes, should be stricken from the pleadings and not precluded from being made at trial of this action.

WHEREFORE, based upon the foregoing and for reasons apparent to the Court, the plaintiff respectfully requests that the Court grant plaintiff's Motion *In Limine* as set forth herein, and to preclude defendant from asserting the defense of 'assumption of risk' or any other negligence based defenses to this statutory deliberate intent action.

                                                Respectfully Submitted,

                                                CLINTON WALTON  
                                                By Counsel,

/s/ D. Blake Carter, Jr.
D. Blake Carter, Jr. (WV State Bar No.9970)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, West Virginia 25301
Telephone (304) 345-0346
Facsimile (304) 345-0375
jcarter@bjc4u.com

and

Stephen P. New (#7756)
Amanda J. Taylor (#11635)
The Law Office of Stephen P. New
P.O. Box 5516
Beckley, WV 25801
steve@newlawoffice.com
mandy@newlawoffice.com

*Counsel for Plaintiff*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,

    Plaintiff,

v.                                                                         Civil Action No.: 1:16-cv-00141
                                                                         Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.,
A Texas Corporation,

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned, counsel for plaintiff, hereby certifies that on this 3rd day of November, 2017, a copy of the foregoing PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ASSERTING THE DEFENSE OF ASSUMPTION OF RISK TO PLAINTIFFS' DELIBERATE INTENT ACTION, was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the below CM/ECF participants.

Philip John Sbrolla, Esquire
Matthew C. Schrebe, Esquire
Cipriani & Werner, PC
1144 Market St., Suite 300
Wheeling, WV 26003
304-232-3600 (phone)
304-232-3601 (fax)
psbrolla@c-wlaw.com
mschrebe@m-wlaw.com
*Counsel for Defendant Baker Hughes*

                                        s/ D. Blake Carter, Jr._____
                                        D. Blake Carter, Jr. (WV State Bar No. 9970)