IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,

    Plaintiff,

v.                                           1:16-cv-141 (Hon. Judge Keeley)

BAKER HUGHES OILFIELD OPERATIONS, INC.,
A Texas Corporation,

    Defendant.

## PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE OR LIMIT ANY CLAIM FOR FUTURE WORKERS' COMPENSATION OFFSET

**NOW COMES** the plaintiff, Clinton Walton, by counsel, and hereby moves this Court to enter an Order *in limine* to preclude or limit the future Workers' Compensation set-off claimed by the defendant, on the basis that a future set-off has not been determined, let alone proffered by the defendant.

An action under W. Va Code § 23-4-2, allows an injured employee to recover from his employer damages in excess of workers' compensation benefits due the injured employee. To determine the excess or ultimate recovery for a plaintiff in a statutory deliberate intent case, the amount of workers' compensation benefits paid or due to be paid to a plaintiff must be subtracted from the plaintiff's award of damages. Mooney v. Eastern Associated Coal Corp., 326 S.E.2d 427 (W.Va. 1984); Powroznik v. C. & W. Coal Co., 445 S.E.2d 234 (W.Va. 1994). Although The West Virginia Bureau of Employment Programs, Workers' Compensation Division ("Workers' Compensation Division") is entitled to such an offset, only the following amounts may be deducted from a plaintiff's recovery:

    1.     Amounts already paid to or on the behalf of the plaintiff; and

2. A reasonably certain sum set aside specifically to satisfy the plaintiff's future medical needs.

Mooney, 326 S.E.2d at 430.

Most importantly, the burden of proof is upon the **defendant** to present evidence of the value of workers' compensation benefits paid or due to be paid the plaintiff in order for such benefits to be deducted from the plaintiff's damages. Mooney, 326 S.E.2d at 430.

In the present case, plaintiff has received workers' compensation benefits related to his injuries sustained while an employee of Baker Hughes. Although the benefits already received are a sum certain, the benefits which he **may** receive in the future are quite speculative and not certain. In fact, plaintiff may not receive any future benefits. Accordingly, there is no reason to believe that any future sum (whether conveniently set aside by Baker Hughes or not) will ever be paid to plaintiff in the future.

To guard against the same cursory methodology advanced by the defendant (in which the defendant urges that it be credited for a workers' compensation claim that it denies plaintiff is entitled to), the Court in Mooney recognized that the "best proof" of future workers' compensation benefits due a plaintiff must be shown by offering evidence of a "reserve fund" in the following manner:

1. A "qualified representative" of the Commission[1] testifies that a reserve fund has been set aside for the plaintiffs; **and**,

2. The amount is calculated with reasonable certainty.[2]

---

[1] Private insurance carrier or self-insured representative can do the same thing.

[2] It should be noted that in footnote 7 of Mooney, the Court states that the plaintiff may challenge the Commission's (or carrier's) calculations with their own competent evidence.

Mooney, 326 S.E.2d at 431.

For the purpose of calculating a reserve fund, reasonable certainty envisions that a specific amount must be identified by the workers' compensation carrier's representative in order that any amount be deducted from plaintiff's award of damages. Furthermore, an offer of proof that future workers' compensation benefits are calculated with reasonable certainty must be shown by generally accepted scientific evidence or competent expert testimony.[3] Mooney, 326 S.E.2d at 1 431. If the evidence fails to establish that a reserve fund exists or that it was calculated with reasonable certainty, and will be paid to the plaintiff with reasonable certainty, then the defendant is not entitled to offset any amount of future benefits from an injured worker's recovery under W.Va. Code § 23-4-2.

In the matter now before the Court, the defendant has failed to identify any witness or offer any proof that a defined amount exists in a reserve fund that will positively and with certainty be paid to plaintiff in the future. It goes without saying that since no reserve amount has been disclosed, the methodology for its calculation remains a mystery, and therefore, its certainty is likewise unreliable. Any monetary figure assigned to plaintiff's future workers' compensation benefits has not even been awarded by the defendant, and there is no certainty that it will be paid.

Furthermore, defendant, who was Mr. Walton's employer, has not disclosed any witness, fact or expert, to address the issue of workers' compensation offset or the amount certain to be

---

[3] Reasonable certainty in this context can most likely be proven by, among other things, life expectancy from reliable mortality tables, generally accepted accounting and actuarial principles in calculating the reserve fund amount and reducing it to present value and the inflation rate. The Court in Mooney additionally noted that mere evidence of economic trends and predictions fall far short of the certainty required for the calculation of the nature here proposed.

paid to Mr. Walton in the future.  Discovery is now complete, and the deadline to disclose expert witnesses has long since passed.

Simply put, defendant cannot have its cake and eat it too.  In the event the defendant insists upon presenting speculative evidence of what the workers' compensation carrier might pay in the future for widow's benefits, the plaintiff is of the position that the methodology to introduce such speculative evidence has already been categorically rejected in <u>Mooney</u> and cannot be properly offered in this case, as defendant has long missed its deadline to disclose a qualified witness to testify as to this issue.

With no qualified witness timely disclosed to testify with reasonable certainty as to what future amount Mr. Walton will certainly be paid, if defendant wants to claim that a large workers' compensation offset amount exists and will "certainly" be paid, the plaintiff would be happy to accept a check today for that amount that defendant is so certain about.

WHEREFORE, the plaintiff respectfully requests that the Court enter an Order *in limine*, that only the amounts already **ACTUALLY PAID** to plaintiff by the defendant's workers' compensation carrier and that no amount of speculative future benefits be deducted from the plaintiff's recovery.

Respectfully Submitted,

CLINTON WALTON
By Counsel,

/s/ D. Blake Carter, Jr.
D. Blake Carter, Jr. (WV State Bar No.9970)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, West Virginia 25301
Telephone (304) 345-0346
Facsimile (304) 345-0375
jcarter@bjc4u.com

and

Stephen P. New (#7756)
Amanda J. Taylor (#11635)
The Law Office of Stephen P. New
P.O. Box 5516
Beckley, WV 25801
steve@newlawoffice.com
mandy@newlawoffice.com

*Counsel for Plaintiff*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,

   Plaintiff,

v.                  Civil Action No.: 1:16-cv-00141
                    Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.,
A Texas Corporation,

   Defendant.

**CERTIFICATE OF SERVICE**

  The undersigned, counsel for plaintiff, hereby certifies that on this 3rd day of November, 2017, a copy of the foregoing **PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE OR LIMIT ANY CLAIM FOR FUTURE WORKERS' COMPENSATION OFFSET**, was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the below CM/ECF participants.

Philip John Sbrolla, Esquire
Matthew C. Schrebe, Esquire
Cipriani & Werner, PC
1144 Market St., Suite 300
Wheeling, WV 26003
304-232-3600 (phone)
304-232-3601 (fax)
psbrolla@c-wlaw.com
mschrebe@m-wlaw.com
*Counsel for Defendant Baker Hughes*

               s/ D. Blake Carter, Jr._____
               D. Blake Carter, Jr. (WV State Bar No. 9970)