U.S. DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,

    Plaintiff,

v.                                                      Civil Action No.: 1:16-cv-00141
                                                      Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.,
A Texas Corporation,

    Defendant.

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM ARGUING PLAINTIFF MUST PROVE INTENT TO INJURE AND TO FURTHER PRECLUDE DEFENDANT FROM OFFERING EVIDENCE THAT DEFENDANT DID NOT INTEND TO INJURE THE PLAINTIFF**

      **NOW COMES** the plaintiff, Clinton Walton, by counsel and hereby moves the Court to enter an Order *in limine* to preclude the defendant from asserting by way of argument, inference or evidence that the plaintiff must prove that the defendant had the intent to injure the plaintiff or that plaintiff must prove that defendant deliberately harmed the plaintiff. Furthermore, the plaintiff moves to preclude the defendant from offering evidence that it did not intend to harm the plaintiff because that evidence is irrelevant.

      This is a statutory deliberate intent cause of action brought pursuant to West Virginia Code 23-4-2(d)(2)(ii). According to the West Virginia Code, the plaintiff may prove his case under two alternate theories of liability. First, under West Virginia Code 23-4-2(d)(2)(i), a plaintiff may prove his case by presenting evidence of the following:

> It is proved that such employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of (A) conduct which produces a result that was not specifically

      intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or

Alternately, the plaintiff may prevail by presenting evidence proving all five elements of the five-part test under West Virginia Code 23-4-2(d)(2)(ii). This section provides that a plaintiff may prevail by proving the following:

    (A)    A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

    (B)    Baker Hughes, prior to the injury, had actual knowledge of the existence of the specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working conditions;

    (C)    That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the utility industry, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

    (D)    That notwithstanding the existence of the facts set forth in (A) through (C), inclusive, of this paragraph, defendant, nevertheless intentionally exposed Clinton Walton to such specific unsafe working condition; and,

    (E)    Clinton Walton suffered serious compensable injury or death as defined in section one, article four, chapter twenty three as a direct and proximate result of the specific unsafe working condition.

In this instant case, the plaintiff is proceeding under the five-part test. Accordingly, the plaintiff is only required to prove each of the five elements of West Virginia Code 23-4-2(d)(2)(ii). Mayles v. Shoney's, Inc., 405 S.E.2d 15 (W. Va. 1990). In fact, in Mayles the West Virginia Supreme Court approved of a jury instruction stating that a plaintiff "need only prove

the five statutory elements because such words were used to explain that no higher burden of proof existed." Id., 405 S.E.2d at 24 .

The plaintiff need not prove that the defendant specifically intended to harm the plaintiff. Under the five-part test, proof of intent to injure is not required and the only proof of intent that a plaintiff must offer is that the defendant intentionally exposed the plaintiff to a specific unsafe working condition. See West Virginia Code 23-4-2(d)(2)(ii)(D). Sias v. W-P Coal Co., 408 S.E.2d 321 (W.Va. 1991). The Sias Court stated this plainly holding that "[t]he employer's specific intent to injure the employee is not required to be established under this intentional exposure element, W.Va. Code 23-4-2(d)(2)(ii)(D)." Id., 408 S.E.2d at 327.

Consequently, proof of "specific intent" to injure is not required under the five-part test and the defendant should be precluded from arguing that it is. Furthermore, the defendant should be precluded from offering evidence that the defendant did not intend to harm the plaintiff as a defense to this claim. The defendant's intent to injure or lack thereof is simply not relevant because it does not tend to prove or disprove any of the essential elements of plaintiff's claims.

WHEREFORE, based upon the foregoing and for reasons apparent to the Court, the plaintiffs respectfully request that the Court preclude the defendant from arguing that plaintiff must prove intent to injure and preclude defendant from offering evidence that it did not intend to injure Clinton Walton.

                                              Respectfully Submitted,

                                              CLINTON WALTON
                                              By Counsel,

/s/ D. Blake Carter, Jr.
D. Blake Carter, Jr. (WV State Bar No.9970)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, West Virginia 25301
Telephone (304) 345-0346
Facsimile (304) 345-0375
jcarter@bjc4u.com

and

Stephen P. New (#7756)
Amanda J. Taylor (#11635)
The Law Office of Stephen P. New
P.O. Box 5516
Beckley, WV 25801
steve@newlawoffice.com
mandy@newlawoffice.com

*Counsel for Plaintiff*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,

    Plaintiff,

v.                                             Civil Action No.: 1:16-cv-00141
                                               Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.,
A Texas Corporation,

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned, counsel for plaintiff, hereby certifies that on this 3rd day of November, 2017, a copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM ARGUING PLAINTIFF MUST PROVE INTENT TO INJURE AND TO FURTHER PRECLUDE DEFENDANT FROM OFFERING EVIDENCE THAT DEFENDANT DID NOT INTEND TO INJURE THE PLAINTIFF**, was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the below CM/ECF participants.

                              Philip John Sbrolla, Esquire
                              Matthew C. Schrebe, Esquire
                                  Cipriani & Werner, PC
                              1144 Market St., Suite 300
                                Wheeling, WV 26003
                                304-232-3600 (phone)
                                304-232-3601 (fax)
                                psbrolla@c-wlaw.com
                                mschrebe@m-wlaw.com
                           *Counsel for Defendant Baker Hughes*

                                              s/ D. Blake Carter, Jr._____
                                              D. Blake Carter, Jr. (WV State Bar No. 9970)