IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLINTON WALTON,
    Plaintiff,

v.                                                                             Civil Action No.: 1:16-CV-141
                                                                              The Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.
    Defendant.

---

**DEFENDANT'S MOTIONS IN LIMINE**

COMES NOW, the Defendant, by and through its counsel, Cipriani & Werner, P.C., and pursuant to the Federal Rules of Evidence, files with the Court the following motions in limine, stating as follows:

**I.    Defendant's Motion in Limine To Exclude Post-Incident Investigation Reports**

Defendant hereby moves, pursuant to the self-evaluative privilege and Rule 403 of the Federal Rules of Evidence, to exclude Baker Hughes' post-incident investigation reports. In support, Baker Hughes states as follows:

Baker Hughes' post-incident investigation reports should be inadmissible at trial pursuant to the self-evaluative privilege. The self-evaluative privilege "is designed to protect the opinions and recommendations of corporate employees engaged in the process of critical self-evaluation of the company's policies for the purpose of improving health and safety." *Granger v. Nat'l R.R. Passenger Corp.*, 116 F.R.D. 507, 508 (E.D. Pa. 1987). In *Bradley v. Melroe Co.*, the Court held that discovery of self-critical evaluations is impermissible because the benefit of allowing companies to obtain valuable criticism far outweighs the benefit of disclosure. 141 F.R.D. 1, 3 (D.D.C. 1992). Here, Baker Hughes conducted post-incident investigation reports wherein

Baker Hughes was very self-critical. The reports were done for the purpose of providing insight into what happened so that it does not happen in the future and to improve company policies and procedures. Further, pursuant to Rule 403 of the Federal Rules of Evidence, the danger of unfair prejudice for Baker Hughes far outweighs any probative value of the post-incident investigation reports.

Wherefore, for the reasons stated hereinabove, Baker Hughes respectfully moves this Honorable Court to exclude post-incident investigation reports and any other relief deemed appropriate by the Court.

**II.   Defendant's Motion in Limine to Preclude Any Evidence Relating Bribery Fines**

In 2007, Baker Hughes agreed to pay approximately $44 million to resolve civil and criminal allegations brought by the Securities and Exchange Commission and U.S. Department of Justice relating to alleged bribery actions by Baker Hughes. Baker Hughes is alleged to have issued payments to win oil field contracts in Kazakhstan between and illegal payments in the aforementioned foreign countries between 1998 and 2003.

Defendant contends any evidence relating to the bribery charges and subsequent settlement of said fines is not relevant to this litigation or the issues for the jury to consider at the trial of this matter. The bribery charges stem from alleged conduct oversees pertaining to the bidding of oil field contracts none of which are at issue in this matter. Permitting the Plaintiff to introduce any evidence related to the bribery charges and settlement would unfairly prejudice the Defendant, mislead the jury, and any probative value said evidence may have would be substantially outweighed by the danger of unfair prejudice that would result.

Pursuant to Rule 401, 402, and 403 of the Federal Rules of Evidence, Defendant respectfully requests an order prohibiting Plaintiff from commenting, stating, arguing, or offering

as testimony, evidence, or otherwise mentioning in the presence of the jury any evidence or witness testimony relating to the bribery charges and fines.

### III. Defendant's Motion in Limine to Preclude Any Evidence Relating to Future Medical Care and Expenses

Defendant does not refute Plaintiff sustained an injury to his right eye which resulted in total loss of vision in his right eye. Defendant would request an order precluding Plaintiff from introducing any evidence at trial pertaining to any alleged necessary future medical care to his right eye and medical expenses related thereto as Plaintiff has failed to disclose any medical expert who may opine on future medical care and expenses. "The general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture." Syl. Pt. 1, *Spencer v. Steinbrecher*, 152 W. Va. 490 (1968); *overruled in part by Wells v. Smith*, 171 W. Va. 97 (1982). Further, the West Virginia Supreme Court of Appeals has held "[t]he prognosis of the future effect of permanent injuries, however, must be elicited from qualified experts, evaluated first by the trial court and then, if found sufficient, considered by the jury upon proper instruction from the court." Syl. Pt. 8, *Jordan v. Bero*, 158 W. Va. 228 (1974). "Proof of future medical expenses is insufficient as a matter of law in the absence of any evidence as to the necessity and cost of such future medical care." *Id.* at Syl. Pt. 16.

Plaintiff disclosed various medical providers who treated his right eye injury following incident as well Dr. Ghassan Dagher who conducted an independent medical examination of Plaintiff as part of his workers' compensation proceeding. A report was prepared by Dr. Dagher was following his examination. Dr. Dagher's report does not contain any opinions as to future medical care or treatment Plaintiff may require. As Plaintiff has failed to disclose any medical expert who may opine on future care and expenses, Defendant would request an order prohibiting Plaintiff from commenting, stating, arguing, or offering as

testimony, evidence, or otherwise mentioning in the presence of the jury any evidence or witness testimony the need for future medical care or treatment.

Date: November 3, 2017.                                  Respectfully submitted:


                                                  */s Philip J. Sbrolla*_____
                                                  */s Matthew C. Schrebe*_____
Philip J. Sbrolla, Esquire (#11297)
Matthew C. Schrebe, Esquire (#11972)
CIPRIANI & WERNER, P.C.
1144 Market Street, Suite 300
Wheeling, WV  26003
P: (304) 232-3600
F: (304) 232-3601
psbrolla@c-wlaw.com
mschrebe@c-wlaw.com

*Counsel for Defendant*
*Baker Hughes Oilfield Operations, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

CLINTON WALTON,

    Plaintiff,

v.                                          Civil Action No.: 1:16-CV-141
                                                 The Honorable Irene M. Keeley

BAKER HUGHES OILFIELD OPERATIONS, INC.

    Defendant.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2017, I electronically filed **Defendant's Motions in Limine** with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen New, Esquire
Amanda J. Taylor, Esquire
The Law Office of Stephen P. New
P.O. Box 5516
Beckley, WV 25801
*Counsel for Plaintiff*

D. Blake Carter, Jr., Esquire
Bailey Javins & Carter, L.C.
213 Hale Street
Charleston, WV 25301
*Counsel for Plaintiff*

                                                 CIPRIANI & WERNER, P.C.

                                                 */s Philip J. Sbrolla*_____
                                                 */s Matthew C. Schrebe*_____
                                                 Philip J. Sbrolla, Esquire (#11297)
                                                 Matthew C. Schrebe, Esquire (#11972)
                                                 CIPRIANI & WERNER, P.C.
                                                 1144 Market Street, Suite 300
                                                 Wheeling, WV 26003
                                                 P: (304) 232-3600
                                                 F: (304) 232-3601

psbrolla@c-wlaw.com
mschrebe@c-wlaw.com

*Counsel for Defendant*
*Baker Hughes Operations, Inc.*